UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 08-313-HRW

PHILIP OGDEN MOSHER, SR.,                                PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on February 20, 2003, alleging disability beginning on August 28, 2002, due to back pain, leg pain, heart problems and depression. This application was denied initially, on reconsideration and by

administrative decision. Plaintiff sought review in the United States District Court for the Eastern District of Kentucky. The matter was remanded for further proceedings.

On September 21, 2007, an administrative hearing was conducted by Administrative Law Judge Ronald M. Kayser (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Jackie B. Rogers, Ph.D., a vocational expert (hereinafter "VE"), also testified, as did Charles I, Hancock, M.D., a medical expert.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

>Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 28, 2008, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff has a eighth grade education and past relevant work experience as a construction laborer, over-the-road-truck driver, gas station attendant and security guard.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 262).

The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative disc disease, history of hepatitis B, hypertension and chronic obstructive pulmonary disease, which he found to be "severe" within the meaning of the Regulations (Tr. 265-266).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 267). In doing so, the ALJ specifically considered listings 1.00 and 4.00 (Tr. 267).

The ALJ further found that Plaintiff could return to his past relevant work as a security guard (Tr. 270-271).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 4 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on September 9, 2008 (Tr. 252-255).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III. ANALYSIS

**A.  Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly rejected the opinion of Plaintiff's treating physician, Roy Varghese, M.D. and (2) that he is disabled based upon the Medical-Vocational Guidelines Rule 202.02.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly rejected the opinion of Plaintiff's treating physician, Roy Varghese, M.D.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by

5

sufficient medical data.  *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In a letter dated July 8, 2004, Dr. Varghese opined that Plaintiff could not perform any repetitive lifting, walking or standing (Tr. 216).  He further stated that Plaintiff is "totally disabled" (Tr. 216).

The ALJ did not afford controlling weight to the opinion of Dr. Varghese as he found it to be inconsistent with the other, credible medical evidence of record. Specifically, the ALJ relied upon the opinion of the testifying medical expert, Dr. Hancock, who found no legitimate basis for Dr. Varghese's finding of extreme physical limitation.  Dr. Hancock's testimony was based upon on several MRIs and CT scans, as well as other medical records.  There is nothing in the record which would call into question the findings of Dr. Hancock.  Therefore, the Court finds no error in the ALJ's reliance on his opinion.

As for Dr. Varghese's belief that Plaintiff is "totally disabled," the ALJ was correct in disregarding this conclusory remark.  It is within the province of the ALJ, not a medical source, treating or otherwise, to make the legal determination of disability.  *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Plaintiff's second claim of error is that that he is disabled based upon the Medical-Vocational Guidelines Rule 202.02.

As the ALJ determined that the Plaintiff could perform his past relevant

work as a security guard, he was not required to consider Plaintiff's vocational factors of age, education and work experience. 20 C.F.R. §§ 404.1560(b)(3) and 416/960(b)(3). Nor was the ALJ required to determine whether Plaintiff's past relevant work exists in significant numbers in the national economy. *Id.* As such, the Medical-Vocational Guidelines ("Grid") are not applicable to this matter.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This August 16, 2009 .

Signed By:
Henry R Wilhoit Jr.
United States District Judge